IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WENDLER & EZRA, P.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 04-CV-641-WDS |
| | ) | |
| AIG, INC., AMERICAN INTERNATIONAL GROUP DATA CENTER, INC., AMERICAN INTERNATIONAL GROUP, INC., and UNKNOWN DEFENDANTS, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendants' motion to dismiss plaintiffs' complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Plaintiff is a law firm in Madison County Illinois, consisting of attorneys Brian M. Wendler and D. Jeffrey Ezra which specializes in personal injury litigation. The complaint alleges that defendant AIG (also known as American International Group) is an insurance company and insurance underwriting company, specializing in industrial insurance coverage, and that defendant American International Group Data Center, Inc. is the wholly owned subsidiary and agent of AIG.

The plaintiff law firm specializes in representing truck drivers, known as "car haulers" who may be injured during the process of loading and offloading automobiles from carrier trailers. These potential clients are typically members of the teamsters union and are employed by union carriers. Defendants provide insurance coverage to many of the car hauler companies.

## BACKGROUND

On or about July 18, 2002, an anonymous message was posted on a website frequented

by teamsters, www.teamster.net which included a newspaper clipping that identified Brian M. Wendler, 41, as having been arrested and taken to the Madison County Jail. The message posted on the website allegedly stated: "Just sending along a newspaper clip from our local newspaper those of you in the Illinois/Missouri area. Don't make the same mistake me and my husband did–it's a waste of time and money." The complaint further alleges that this message was traced to an IP address registered to American International Group Data Center, Inc., and that it was, therefore, not posted by a current or former client of plaintiffs.

The Complaint is framed in twelve counts. Counts I-III seek recovery against the defendants based on defamation theories. Count IV alleges tortious interference with advantageous economic relations with current or future clients. Counts V and VI seek recovery for negligence. Count VII seeks recovery for willful and wanton conduct; Count VIII for civil conspiracy; Count IX for violation of the Consumer Fraud Act; and Counts X and XI for Negligent and Fraudulent Misrepresentation. Count XII, which seeks damages for relaying the false information to one or more of the named defendants, but is directed to "unknown defendants" who are believed to reside in the States of Illinois or Missouri.

## **DISCUSSION**

A party to a case may move for a dismissal of the complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). When reviewing a Rule 12(b)(6) motion to dismiss, a court must assume that all of the factual allegations in the plaintiff's complaint are true and draw all reasonable inferences from those allegations in the plaintiff's favor. *MCM Partners v. Andrews-Bartlett & Associates.*, 62 F.3d 967, 972 (7th Cir. 1995). A motion to dismiss for failure to state a claim should be granted only if "it appears beyond doubt that the plaintiff can prove no

set of facts in support of [their] claim which would entitle [them] to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). The purpose of a motion to dismiss under Rule 12(b)(6) is to review the adequacy of the pleadings, not the factual basis for a claim. When ruling on a motion to dismiss, the court generally should consider only the allegations of the complaint. *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). Given this standard, the Court must determine if plaintiffs have sufficiently put defendants on notice to allow them to respond to plaintiff's claims.

**COUNTS I-III – Defamation Claims Under Illinois Law**

Counts I-III seek recovery for defendant's alleged defamation. The law of defamation is well-settled in Illinois:

> A statement is considered defamatory if it tends to cause such harm to the reputation of another that it lowers that person in the eyes of the community or deters third persons from associating with him. Certain limited categories of defamatory statements are deemed actionable per se because they are so obviously and materially harmful to the plaintiff that injury to the plaintiff's reputation may be presumed.

*Van Horne v. Muller*, 705 N.E.2d 898, 903 (1998) (citations omitted) (*quoted in Parker v. House O'Lite Corp.*, 756 N.E.2d 286, 292 (Ill. App. Ct. 2001)). To support a claim for defamation under Illinois law, a plaintiff must show that the defendant made a false statement about the plaintiff, that there was an unprivileged publication to a third party by the defendant, and the publication damaged the plaintiff. *Gibson v. Philip Morris, Inc.*, 685 N.E.2d 638, 643 (Ill. App. Ct. 1997). *See also*; *Parker*, 756 N.E.2d at 292. "Statements can be either defamatory per quod, i.e., requiring extrinsic facts to explain the defamatory character of the statements, or defamatory per se." *Gibson*, 685 N.E.2d at 643 (*citing Kolegas v. Heftel Broadcasting Corp.*, 607 N.E.2d

201, 206 (1992)).   Here, there clearly was publication of the statement when it was put on an internet website chat page. *See Jones v. Britt Airways, Inc*., 622 F. Supp. 389, 391-92 (N.D. Ill.1985) (applying Illinois law and holding that the communication of interoffice reports within a corporation constitutes a publication for defamation purposes). Under Illinois law,

> four categories of statements . . . are considered defamatory per se: (1) words that impute the commission of a crime, (2) words that impute infection with a loathsome communicable disease; (3) words that impute an inability to perform or a want of integrity in the discharge of duties of office or employment; or (4) words that prejudice a party, or impute lack of ability, in his or her trade, profession, or business.

*Myers v. Levy*, 808 N.E.2d 1139, 1147 (Ill App. Ct. 2004).  Clearly, this statement falls within the first and fourth category of statements, i.e. "words that impute the commission of a crime," "words that prejudice a party, or impute lack of ability, in his or her trade, profession, or business." *Id.*   This type of statement, defamation *per se*, is considered so obviously and materially harmful to the plaintiff that injury to the plaintiff's reputation may be presumed. *Bryson v. News America Publ., Inc*., 672 N.E.2d 1207, 1213 (Ill. 1996); *Harrison v. Chicago Sun-Times, Inc*., 793 N.E.2d 760, 766 (Ill. App. Ct. 2003).

Defendants contend that these statements consisted merely of opinion, and therefore are not actionable.  Even, where a statement falls into one of the categories recognized to be actionable per se, the statement will not be found to be actionable if it is reasonably capable of an innocent construction. *Bryson*, 672 N.E.2d at 1215; *Harrison*, 793 N.E.2d at 771. In applying the innocent construction rule, courts consider the statement in context, giving the words and their implications their obvious and natural meaning. *Bryson*, 672 N.E.2d at 1215-16. As construed, if a statement "may reasonably be innocently interpreted or reasonably be interpreted as referring to someone other than the plaintiff, it cannot be actionable *per se.*" *Bryson*, 672 N.E.2d at 1215.

Determining whether a statement is reasonably susceptible to an innocent interpretation is a question of law. *Id.*

Accordingly, the Court **FINDS** that the plaintiff has sufficiently plead the defamation claims in Counts I-III to withstand a motion to dismiss, and the motion as to these counts is **DENIED**.

**COUNT IV– Interference with Economic Advantage**

Count IV alleges tortious interference with an advantageous economic relation. In order to sustain this cause of action,

> a plaintiff must plead and prove: (1) his reasonable expectation of entering into a valid business relationship; (2) the defendant's knowledge of the plaintiff's expectancy; (3) purposeful interference by the defendant that prevents the plaintiff's legitimate expectancy from ripening into a valid business relationship; and (4) damages to the plaintiff resulting from such interference.

*Larry Karchmar, Ltd. v. Nevoral*, 707 N.E.2d 223, 228 (Ill. App. Ct. 1999). "The Federal Rules do not require that [the plaintiff's] complaint allege the specific third party or class of third parties with whom he claims to have had a valid business expectancy." *E&J Gallo Winery v. Morand Bros. Beverage Co.,*, 247 F. Supp. 2d 979, 987 (N.D. Ill. 2003) (*quoting Cook v. Winfrey,* 141 F.3d 322, 328 (7th Cir. 1998)). Plaintiff alleged that the law firm had a reasonable expectation of entering into a valid business relationship with members of the car haul industry; that defendant knew of this expectancy; that the defendant purposefully interfered with plaintiff's expectancy, preventing that expectancy from ripening into a valid business relationship; and that plaintiff has sustained damage as a result.

Given the federal pleading standards, this claim sufficiently puts defendant on notice of

the claim which must be defended, and therefore, the motion to dismiss Count IV pursuant to Rule 12(b)(6) is **DENIED**.

**COUNTS V AND VI – Negligence Claims**

Count V alleges that the defendant negligently submitted, and failed to retract, the publication on the internet. Count VI alleges several acts by defendants which allegedly breached a duty owed to plaintiff, e.g. that defendants had a duty to refrain from the dissemination of false information and that the defendants negligently breached this duty by posting the message, thereby proximately causing the injuries sustained by plaintiff. These allegations sufficiently put the defendants on notice of the claims against them and, the motion to dismiss these counts is **DENIED**.

**COUNT VII–Willful and Wanton Conduct**

Count VII alleges that the defendants acted willfully and wantonly by acting with "either a deliberate intention to harm plaintiff or with an utter indifference to or conscious disregard for the welfare of plaintiff." Again, this Count sufficiently places the defendants on notice of the claim plaintiff is asserting and the motion to dismiss is **DENIED**.

**COUNT VIII– Civil Conspiracy**

Count VIII alleges that the defendants engaged in a civil conspiracy, presumably under Illinois state law. "A civil conspiracy involves two or more persons combining to accomplish either a lawful purpose by unlawful means or an unlawful purpose by lawful means." *Vance v. Chandler,* 597 N.E.2d 233, 236 (Ill. App. Ct. 1992). The elements of a civil conspiracy are "(1) an agreement between two or more persons; (2) to participate in an unlawful act, or a lawful act in an unlawful manner; (3) an injury caused by an unlawful overt act performed by one of the

parties; and (4) the overt act was done pursuant to and in furtherance of the common scheme." *Id*. Although notice pleading standards apply, a bare allegation of a conspiracy is not enough. *See, Ryan v. Mary Immaculate Queen Center*, 188 F.3d 857, 860 (7th Cir. 1999) (holding that bare allegations of conspiracy without defining the form or scope of the conspiracy will not satisfy the notice pleading standards); *Belkow v. Celotex Corp.*, 722 F. Supp. 1547, 1551 (N.D. Ill. 1989). Here the plaintiff has only claimed a conspiracy, but has not specified the parties involved, where the conspiracy took place, its purpose or plan. Accordingly, defendants' motion to dismiss Count VIII is **GRANTED,** and Count VIII is **DISMISSED** for failure to state a conspiracy claim.

**COUNT IX– Consumer Fraud Act**

Count IX alleges that the defendants violated the Consumer Fraud Act by their actions. The Consumer Fraud Ace is subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b) and must be "stated with particularity." In order to comply with this standard, "a plaintiff must state the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated." *Gallagher Corp. v. Mass. Mut. Life Ins. Co.,* 940 F. Supp. 176, 180 (N.D. Ill 1996). Given that plaintiff has incorporated prior counts, plaintiff has met this heightened pleading requirement. There is sufficient information in the count to identify that the person making the misrepresentation is alleged to have been an agent or employee of the company, that the misrepresentation occurred on July 18, 2002 on an Internet website, and the exact content of the statement is included in the complaint. Accordingly, the Court **DENIES** defendants' motion to dismiss Count IX.

**COUNTS X AND XI– Negligent and Fraudulent Misrepresentation**

Counts X alleges negligent misrepresentation. To make a claim for negligent misrepresentation under Illinois law, plaintiff must show:

> (1) a false statement of material fact; (2) carelessness or negligence in asserting the truth of the statement by the party making it; (3) an intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; (5) damage to the other party resulting from such reliance; and (6) . . . the party making the statement is under a duty to communicate accurate information.

*Fox Assoc's., Inc. v. Robert Half Intern., Inc.,* 777 N.E.2d 603, 606 (Ill. App. Ct. 2002). The only difference between fraudulent and negligent misrepresentation is the state of mind required by the defendant. *Bd. of Educ. of City of Chicago v. A.C. and S., Inc.,* 546 N.E.2d 580, 591 (Ill. 1989). Fraudulent misrepresentation, as alleged in Count XI requires, "knowledge or belief of the falsity of the statement by the party making it." *Id.* The Seventh Circuit requires that the plaintiff "have relied on the misrepresentation of which he is complaining." *Great Cent. Ins. Co. v. Ins. Serv's Office, Inc.,* 74 F.3d 778, 785 (7th Cir. 1996). Further, "[t]here is no authority for maintaining a suit for negligent misrepresentation on the ground that other people . . . were deceived by the misrepresentation and as a consequence injured the plaintiff." *Id.*

Here, plaintiff has only alleged that potential, unidentified clients, relied on the statement, not that plaintiff relied on the statement. Therefore, defendants' motion to dismiss Counts X and XI is **GRANTED** and Counts X and XI are **DISMISSED** for failure to state a claim.

**COUNT XII– Unknown Defendants**

Count XII re-alleges all prior claims against unknown defendants. Given that plaintiff has not included sufficient detail of those potential unknown defendants this claim cannot stand.

As the court stated in *Hastings v. Fidelity Mortg. Decisions Corp.,* 984 F. Supp. 600, 605 (N.D. Ill. 1997), although there is not a general prohibition against suing "unknown defendants" nevertheless, the "pleadings must be sufficiently detailed so as to provide notice to opposing parties of the claims against them." *Id.* (dismissing as insufficient, a claim against unknown defendants who were identified as corporate officers or managers who were "personally knowledgeable and responsible for the fraudulent practices described in the Complaint." *Id.* at 605). Here, plaintiff seeks to include anyone involved without further identification – which does not provide sufficient notice to those potential defendants of possible claims against them. Accordingly, defendants' motion to dismiss Count XII is **GRANTED,** and Count XII is **DISMISSED**.

## CONCLUSION

Accordingly, the Court **GRANTS** in part and **DENIES** in part defendants' motion to dismiss. The Court **GRANTS** defendants motion to dismiss as to Counts VIII, X, XI and XII and they are **DISMISSED** pursuant to Fed. R. Crim. P. 12(b)(6). The Court **DENIES** the remainder of defendants' motion.

**IT IS SO ORDERED.**

**DATED: August 3, 2005**

                                            **s/ WILLIAM D. STIEHL**
                                                **DISTRICT JUDGE**