IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WENDLER & EZRA, P.C.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. **04-641-WDS** |
| | ) |
| **AIG, INC., AMERICAN** | ) |
| **INTERNATIONAL GROUP DATA** | ) |
| **CENTER, INC., and AMERICAN** | ) |
| **INTERNATIONAL GROUP, INC.,** | ) |
| | ) |
| Defendants. | ) |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is Defendants' Motion to Compel Production of Documents. **(Doc. 36)**. Plaintiff has filed a response. **(Doc. 41)**. Defendants filed a reply. **(Doc. 45)**.

Plaintiff is a law firm. It represents a number of truck drivers who are injured on the job. These drivers are usually members of the Teamsters Union. Plaintiff alleges that an e-mail was posted on a Teamsters website on July 18, 2002. The e-mail referenced a newspaper article that stated that Brian M. Wendler was arrested and taken to the Madison County Jail. The message stated "Don't make the same mistake me and my husband did - it's a waste of time and money." Plaintiff alleges that this e-mail was sent from an IP address registered to American International Group Data Center, Inc. Following Judge Stiehl's ruling on the motion to dismiss, the pending claims include defamation, interference with a business expectancy, willful and wanton conduct, and violation of the Consumer Fraud Act.

The instant motion concerns numbers 4, 10, and 11 of defendants' requests for

1

production of documents. These requests were served on November 9, 2005. Discovery closed on December 8, 2005.

Number 4 seeks federal and state income tax returns and "all work papers relating thereto" for the plaintiff law firm and partners Wendler and Ezra, from 1998 to 2004. Plaintiff objects that this request is "overbroad in time and in scope, vague and 'including any work papers relating thereto' is impossible to respond to unless defendants seek to invade the accountant privilege."

Defendants argue that the requested documents are relevant to the issue of damages. In response, plaintiff argues that the requests are overbroad and vague in that they are modified by phrases such as "all working papers relating thereto" and "any and all documents relating to." The Court agrees that these phrases are so overbroad as to be meaningless.

Shorn of excess verbiage, request number 4 seeks production of tax returns for plaintiff, Wendler, and Ezra from 1998 to 2004. Defendants do not offer any reason why they are entitled to the personal tax returns of Wendler and Ezra. The Court sustains plaintiff's objection to production of the personal tax returns of Wendler and Ezra, but denies the objection to production of plaintiff's tax returns.

Number 10 seeks "Any and all documents relating to the damages you allege in your complaint." Plaintiff objects that "'any and all documents' is incredibly overbroad, vague, calls for speculation and invades the attorney client and work product privileges." Plaintiff goes on to suggest that it will produce "financial records" subject to a protective order.

The Court agrees that number 10 is too broad and vague to be a meaningful request. The request does not describe the documents to be produced "with reasonable particularity" as

2

required by **Fed.R.Civ.P. 34(b)**.  The Court sustains the objection that request number 10 is overbroad and vague.

Lastly, request number 11 seeks "any and all documents reflecting your income from 2000 to the present."  Plaintiff again objects that the phrase "'any and all documents' is incredibly overbroad, vague, and ill defined."  It also states that "income from other sources" has nothing to do with this litigation.

The Court sustains the objection that number 11 is overbroad.  Defendants have defined "you" and "your" as including the plaintiff law firm *and* its current and former partners, agents, representatives, and attorneys of record.  Defendants are not entitled to any information about the income of anyone other than the plaintiff law firm, which is the entity that claims damages.  The request as drafted is overbroad.  The Court has already ruled that plaintiff must produce its income tax returns.  The objection is sustained as to request number 11, except as to plaintiff's income tax returns.

The Court notes that plaintiff has suggested that its tax returns should be produced pursuant to a protective order.  Neither party has formally moved for a protective order, or tendered a proposed protective order to the Court for consideration.

The Court declines to enter a protective order covering plaintiff's tax returns.  See, ***Citizens First National Bank of Princeton v. Cincinnati Insurance Co.*, 178 F.3d 943 (7th Cir. 1999)**, and ***Union Oil Company of California v. Leavell*, 220 F.3d 562 (7th Cir. 2000)**.  "People who want secrecy should opt for arbitration.  When they call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials."  ***Union Oil*, 220 F.3d at 567-568.**

For the foregoing reasons, Defendants' Motion to Compel Production of Documents **(Doc. 36)** is **DENIED in part and GRANTED in part as follows**:

Plaintiff is to produce its state and federal income tax returns for the years 1998 to 2004, including all schedules and attachments, on or before **March 9, 2006.**

**IT IS SO ORDERED.**

**DATE:  February 23, 2006.**

<u>**s/ Clifford J. Proud**</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**