IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WENDLER & EZRA, P.C.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 04-CV-641-WDS |
| ) | |
| **AMERICAN INTERNATIONAL GROUP** ) | |
| **DATA CENTER, INC.** and **AMERICAN** ) | |
| **INTERNATIONAL GROUP, INC.,** (also ) | |
| incorrectly named as a separate entity as ) | |
| **AIG, INC.,** and **UNKNOWN DEFENDANTS,** ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM & ORDER**

**STIEHL, District Judge:**

Before the Court is defendants' motion for summary judgment (Doc. 43), to which plaintiff has filed a response (Doc. 56) and defendants a reply (Doc. 63), and plaintiff's motions to strike the defendants' reply (Doc. 66) and a motion for leave to take the deposition of Phillip Ybarrolaza (Doc. 65). Included in its response, plaintiff seeks partial summary judgment. Because all of these motion are related to the summary judgment motion and issues, they will be considered collectively.

BACKGROUND

Plaintiff is a law firm in Madison County Illinois consisting of attorneys Brian M. Wendler and D. Jeffrey Ezra. The complaint alleges that defendant AIG (also known as American International Group) is an insurance company and insurance underwriting company, specializing in industrial insurance coverage, and that defendant American International Group Data Center, Inc. is the wholly owned subsidiary and agent of AIG.

The plaintiff law firm specializes in personal injury litigation and represents a large

number of truck drivers, known as "car haulers," who may be injured during the process of loading and offloading automobiles from carrier trailers.  These clients and potential clients are typically members of the teamsters union and employed by union carriers.   The defendants provide insurance coverage to many of the car hauler companies

On or about July 18, 2002, an anonymous message was posted on a website frequented by teamsters, www.teamster.net,  which included a newspaper clipping that identified Brian M. Wendler, 41, as having been arrested and taken to Madison County Jail.  The posting states:

> Just sending along a newspaper clip from our local newspaper for those of you in the Illinois/Missouri area.  Don't make the same mistake me and my husband did–it's a waste of time and money.
>
> "Attorney, Brian M. Wendler, 41, was arrested Sunday AM in his Edwardsville home for alleged domestic battery.  Wendler was taken to Madison County Jail."

(Ex. G. Doc. 56.)   It is the second sentence of the message that has led to this litigation.  The complaint alleges that this message was traced to an IP address registered to American International Group Data Center, Inc., that it was, therefore, not posted by a current or former client of plaintiff, and that the message has led to numerous causes of action.

Of the original twelve counts, eight remain. Counts I-III seek recovery against the defendants based on defamation theories.  Count IV alleges tortious interference with advantageous economic relations with current or future clients.  Counts V and VI seek recovery for negligence.  Count VII seeks recovery for willful and wanton conduct; and Count IX for violation of the Consumer Fraud Act.[1]

---

[1] The Court previously dismissed Counts VIII, X, XI and XII.  See Memorandum and Order of August 3, 2005 (Doc. 18).

ANALYSIS

The defendants seek summary judgment on several grounds, the first of which is that plaintiff has offered no admissible evidence that AIG was responsible for the posting in question.

Fed. R. Civ. P. 56(c) provides that a district court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In determining whether a district court properly granted summary judgment, "[a]ll factual inferences are to be taken against the moving party and in favor of the opposing party." *International Adm'rs, Inc. v. Life Ins. Co. of N. Am.*, 753 F.2d 1373, 1378 (7th Cir. 1985). In instances in which "inferences contrary to those drawn by the trial court might be permissible," a district court's grant of summary judgment must be reversed. *Munson v. Friske*, 754 F.2d 683, 690 (7th Cir. 1985). Once a motion for summary judgment has been made and properly supported, however, the nonmovant does have the burden of setting forth specific facts showing the existence of a genuine issue of a material fact for trial. *See* Rule 56(e); *Posey v. Skyline Corp.*, 702 F.2d 102, 105 (7th Cir.), *cert. denied*, 464 U.S. 960 (1983), (noting that "a bare contention that an issue of fact exists is insufficient to raise a factual issue"). Although a requisite, the existence of a factual dispute is not, standing alone, sufficient to bar summary judgment. It is well settled that a "factual dispute does not preclude summary judgment unless . . . the disputed fact is outcome determinative under the governing law." *Egger v. Phillips*, 710 F.2d 292, 296 (7th Cir.), *cert. denied*, 464 U.S. 918 (1983), *cited in Shlay v. Montgomery*, 802 F.2d 918, 920 (7th Cir. 1986).

Before reaching defendants' motion, the Court must address plaintiff's motion to strike

the defendants' reply to plaintiff's response.   Plaintiff seeks to have the document stricken on two grounds.  The first is that the defendants have raised arguments in their reply that were not raised in the original motion, thereby denying plaintiff the opportunity to rebut such assertions.  The second is that the reply is over the local rule page limits.   The reply brief is 12 pages long, and the Local Rules limit reply briefs to 5 pages.  This Court, however, has the discretion to allow longer briefs to be filed.  In a complicated matter, such as this, longer briefs may be warranted.  The Court **FINDS** that it is appropriate to consider all matters raised in the reply brief, and **DENIES** plaintiff's motion to strike on all grounds.

The key to defendants' motion rests with the affidavit of Phyllip Ybarrolaza, who is the administrator and webmaster for Teamster.net. The defendants asserts that Ybarrolaza's affidavit is based on inadmissible hearsay, not subject to any of the hearsay exceptions, and therefore, plaintiff has no evidence that defendants were the source of, or responsible for the posting in question.  The affidavit in question, Exhibit O to Doc. 56, provides, inter alia, that Ybarrolaza is the administrator for Teamster.net; that he is the webmaster and has been so since March 1998; that the software enabling Teamster.net provided him with an IP address associated with the message posted; that the information in Exhibit B (an e-mail from Ybarrolaza to Brian Wendler dated August 20, 2002) is accurate as to what the software identified the IP address to be; that the software provides that the IP address was 167.230.38.7; and that the software was used in the ordinary course of business for operating Teamster.net.  This affidavit is dated February 7, 2006.

A.    Admissibility of Computer Records

The advent of the computer age has created evidentiary issues and admissibility concerns.  Here, the first inquiry is whether a webmaster's affidavit that identifies an IP address

registered to the defendants as the source of a web posting is admissible as evidence of the defendants' complicity in actions that form the basis for the plaintiff's causes of action. To complicate the admissibility issues, the affidavit relies upon unidentified "software" for the identification of that IP address. Ybarrolaza does state that the software was used in the ordinary course of business at Teamsters.net at the time of the posting, but what software was used is left unspecified.

Plaintiff has attempted previously to remedy the evidentiary problems by filing motions to take the deposition of Ybarrolaza after the close of discovery. The Court denied plaintiff's motion for leave to take the deposition of Ybarrolaza before filing its response to the motion for summary judgment, finding that it was "clearly discovery, and the time for discovery of this nature has long passed." (Doc. 54, Order of February 8, 2006). Questions concerning software, processes and qualifications could have been resolved by preserving his testimony in a deposition. Instead, this record is limited to a two-page affidavit with limited information and less specificity. The Court cannot overlook the fact that the record's sparse nature, and the limited support for plaintiff's position, is solely attributable to plaintiff's failure to conduct discovery and preserve Ybarrolaza testimony for purposes such as the response to this motion.

Plaintiff's whole case hinges on the admissibility of the web posting, and the identity of the source of that posting. The Seventh Circuit has previously held that computer web postings are not admissible as evidence, finding that they "were not statements made by declarants testifying at trial, and they were being offered to prove the truth of the matter asserted. That means they were hearsay." *United States v. Jackson*, 208 F.3d 633, 637 (7th Cir. 2000). Here, the plaintiff needs this web posting to be admissible, but, more critically, the connection between

the posting and the defendants is essential to plaintiff's claims for relief. Absent that connection, the entire cause of action must fail.

   B.  <u>Business Records Admissibility</u>

Plaintiff does not specifically argue, yet the Court will consider, whether the affidavit of Ybarrolaza, and the material on which he relies, satisfy any of the hearsay exceptions, which would allow plaintiff to avoid summary judgment. Under the provisions of Fed. R. Evid. 803(8) records, including computer records, which are made by a public agency are admissible, whether or not they would otherwise be excluded as hearsay. *See, eg. United States v. Lopez-Moreno*, 420 F.3d 420, 436 (5th Cir. 2005); *United States v. Koontz,* 143 F.3d 408, 412 (8th Cir. 1998). Clearly, here, the Teamsters.net is not a public agency, nor has plaintiff asserted that it is. Therefore, this evidence would not be admissible under Rule 803(8).

Under Rule 803(6) records of regularly conduced business activities are admissible, "if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification. . . ." The Seventh Circuit has held that "[c]omputer data compiled and presented in computer printouts prepared specifically for trial is admissible under Rule 803(6), even though the *printouts* themselves are not kept in the ordinary course of business." *United States v. Fujii*, 301 F.3d 512, 539 (7th Cir. 2002). Here, however, the "records" that plaintiff seeks to admit are Ybarrolaza's search of unidentified software for an IP address. Although the software, according to his affidavit, was in regular business use at Teamster.net, the court in *Jackson* dealt with a similar issue and found "[t]he fact that the Internet service providers may be able to retrieve information

that its customers posted or email that its customers sent does not turn that material into a business record of the Internet service provider." 208 F.3d at 637. The Court is unpersuaded that this information provided by Ybarroloza would qualify for the business records exception under the hearsay rules, and therefore, **FINDS** that the information in Ybarrolaza's affidavit would not be admissible under the provisions of Rule 803(6).

However, "[e]ven if these web postings did qualify for the business records hearsay exception, 'the business records are inadmissible if the source of information or the method or circumstance of preparation indicate a lack of trustworthiness.'" 208 F.3d at 638 (*quoting United States v. Croft*, 750 F.2d 1354, 1367 (7th Cir. 1984)). Here, even if the information contained in Ybarrolaza's affidavit was admissible under Rule 803(6), the fact that the affidavit is devoid of any specificity as to the manner in which the information was retrieved, the software used, or the method of preparation, makes the information provided in his affidavit less than trustworthy, and therefore, inadmissible on that basis.

Therefore, the Court **FINDS** that the evidence by which plaintiff is able to tie the defendants to this posting is inadmissible. Having determined that the affidavit of Ybarrolaza is not admissible, the Court **FINDS** that plaintiff is unable to make any of its claims against the defendants because there is no credible evidence linking the defendants to the web posting. Accordingly, defendants are entitled to summary judgment, and defendants' motion for summary judgment is **GRANTED** on all claims.

Plaintiff's motion for partial summary judgment is **DENIED.**

Plaintiff's motion for leave to take the deposition of Phillip Ybarrolaza (Doc. 65) is

**DENIED** as moot.

In light of the above ruling, plaintiff's claims against the defendants identified as "Unknown Defendants" are **DISMISSED with prejudice.**

The Clerk of the Court is **DIRECTED** to enter judgment in favor of defendants American International Group Data Center, Inc., American International Group, Inc, (also incorrectly named as a separate entity as AIG, Inc.), and Unknown Defendants, and against plaintiff Wendler & Ezra, P.C.  Each party shall bear its own costs.

**IT IS SO ORDERED.**

**DATED: March 15, 2006**

**s/ WILLIAM D. STIEHL**
**DISTRICT JUDGE**
