IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WENDLER & EZRA, P.C.,** | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil No. **04-641-WDS** |
| | ) |
| **AIG, INC., AMERICAN** | ) |
| **INTERNATIONAL GROUP DATA** | ) |
| **CENTER, INC., and AMERICAN** | ) |
| **INTERNATIONAL GROUP, INC.,** | ) |
| | ) |
|     Defendants. | ) |

## ORDER

**PROUD, Magistrate Judge:**

Before the court is plaintiff's Amended Motion to Compel. **(Doc. 40)**. Defendants filed a response at **Doc. 46**.

In their response, defendants disputed plaintiff's representation that counsel had made a good faith effort to resolve the issues raised in the motion. At the court's direction, the parties filed memoranda setting forth the factual basis for their positions in that regard. **See, Docs. 61 & 62**.

The court finds that plaintiff's counsel made a sufficient attempt to resolve the issues raised in plaintiff's motion to compel, and, following remand from the Seventh Circuit, now moves to the substance of the motion.

### Requests for Admissions

The court first notes that the motion is in error with regard to whether defendants' responses to plaintiff's Requests for Admissions were timely filed. As plaintiff acknowledges in

1

**Doc. 62**, the responses were timely filed on November 9, 2004. **See, Doc. 11.** However, the response to many of the requests includes a statement that "Defendants have made and are continuing to make reasonable inquiry to secure such knowledge and information as are readily obtainable by them." Defendants have not supplemented their responses, as is required by **Fed.R.Civ.P. 26(e)(1)**. In addition, a separate response was not filed on behalf of each defendant.

## Interrogatories

Plaintiff's interrogatories were served on November 15, 2004. The motion states that defendants' answers and objections were filed on July 21, 2005, long after the responses were due. A copy of the answers and objection is attached to **Doc. 40** as **Exhibit E**; it is undated. Defendants' response to the motion does not dispute that the answers and objections were filed more than thirty days after service.

The answers and objections are defective in a number of respects. One response was made on behalf of both defendants. The answers were not signed by the party answering the interrogatories, as required by **Rule 33(b)(1)** and **(b)(5).** General objections were interposed, in violation of **Rule 33(b)(4)**, which requires that "The grounds for objecting to an interrogatory must be stated with specificity." Lastly, the objections were untimely, and are therefore waived. **Rule 33(b)(4)**.

## Requests for Production

Plaintiff's First Request for Production was served on November 15, 2004. **Doc. 40, Ex. C.** One set of responses, on behalf of both defendants, was served on November 16, 2005, a year later. **Doc. 40, Ex. F.**

Again, defendants waived their objections by not asserting them within thirty days. **Rule**

**34(b)(2)**. Even if they had been timely, the objections were general and preserved nothing. Further, defendants objected numerous times that the requests sought privileged documents, but defendants failed to follow the correct procedure for asserting a privilege. **Rule 26(b)(5)**.

## Conclusion

Upon consideration and for good cause shown, plaintiff's Amended Motion to Compel. **(Doc. 40)** is **GRANTED as follows**:

1. Each defendant shall separately supplement its responses to plaintiff's Requests for Admissions.

2. Each defendant shall separately answer plaintiff's interrogatories, without objection. The answers shall be signed in accordance with **Rule 33(b)(1) and b(5)**.

3. Each defendant shall produce the documents requested in plaintiff's First Request for Production, without objection.

Defendants shall file their supplemental responses to the Request for Admissions, and shall serve their answers to interrogatories and produce the requested documents by **May 30, 2008.**

**IT IS SO ORDERED.**

**DATE: May 8, 2008.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES DISTRICT JUDGE**