# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WENDLER & EZRA, P.C., | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   Cause No. 04-CV-641-WDS |
| | ) |
| AMERICAN INTERNATIONAL GROUP | ) |
| DATA CENTER, INC., et al., | ) |
| | ) |
|     **Defendants.** | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

    Before the Court are several pending motions. This matter was remanded by the United States Court of Appeals for the Seventh Circuit for the limited purpose of determining whether defendants had additional information and whether they were responsible for anonymous Internet postings that underlies this litigation. The Seventh Circuit stated, that if the defendants did not, "Wendler & Ezra loses this case." *Wendler & Ezra, P.C. v. Am. Intern'l Group, Inc.* 521 F.3d 790, 791 (7th Cir. 2008). The crux of this case is based upon whether defendants had useful information concerning the source of the Internet posting. Magistrate Judge Proud directed defendants to produce various documents, interrogatory answers and responses (See. Order at Doc. 89). Upon review of the record, the Court rules on the pending motions as follows:

    1. Defendants' objection to the Court's Order granting plaintiff's amended motion to compel (Doc. 91). Defendants' objection seeks review by this Court of that discovery ruling. The plaintiff has filed a response to the objection (Doc. 92), and the defendants a reply (Doc. 93). In the objection, the defendants assert that the magistrate judge's order should be set aside because it is contrary to the ruling by the Seventh Circuit. Specifically, the defendants assert

that the ruling was specifically limited to the "source of the posting and the names of any persons with knowledge on that subject," 512 F.3d at 792. The Court has reviewed the ruling of the magistrate judge and the defendants' objections.

The Court notes that in remanding this matter, the Court of Appeals was concerned that the Court had not ruled on a motion to compel before granting summary judgment. *Id.* at 791. The Seventh Circuit stated that the matters sought in that discovery motion might have led to a resolution of the issue as to whether there is any information in AIG's possession that "implies that the posting came from AIG's internet address, [and, if so,]then it becomes necessary to pin down who sent it, under what circumstances, and whether AIG is responsible." *Id.* at 792.

The magistrate judge granted the motion to compel, and directed the defendants to: supplement the responses to the Request for Admissions; each defendant was to separately answer plaintiff's interrogatories without objection; and, each defendant was to produce the documents requested in plaintiff's First Request for Production. Defendants objection is that the magistrate judge's ruling goes beyond the mandate of the Seventh Circuit, specifically the issue as to whether the defendants had "useful information" as to the source of the posting. The Court, after careful review of the record, **SUSTAINS** in part and **OVERRULES** in part the defendants' objections to the magistrate judge's ruling. (Doc. 91).

The Court **OVERRULES** defendants' objections as follows and **DIRECTS** each defendant, within fifteen (15) days of the date of this Order, to:

    a.    individually, and without objection, provide specific and detailed answers to Interrogatories Nos. 6, 7, 9, and 13 (as identified in Doc. 93);

    b.    individually, and without objection, provide supplemental responses to the request for admission; and

    c.    individually, and without objection, produce the documents sought in

2

plaintiff's First Request for Production.

The Court **SUSTAINS** defendants' objection to that part of the magistrate judge's Order which directed defendants to individually answer all of plaintiff's interrogatories. Defendants' motion for ruling (Doc. 104) is **DENIED** as moot.

2. Plaintiffs' motion for sanctions (Doc. 96) is, accordingly, **DENIED**.

3. Plaintiff's motion to strike defendants' motion for summary judgment (Doc. 100) is **DENIED** as moot.

4. Plaintiff's motion to take the deposition of Phillip Ybarrolaza and to modify the scheduling order (Docs. 99 & 106). Defendants have filed objections to the motion (Doc. 101). Upon review of the record, the motions are **GRANTED** in part and **DENIED** in part as follows:

> a. The Court **GRANTS** the motion to modify the scheduling Order as follows:
>
>> 1. The limited discovery (as set forth above) shall be completed on or before January 30, 2009. Any additional discovery sought as a result of the matters disclosed in the limited discovery shall be presented to the Court by motion, supported by a brief, on or before February 10, 2009. Responses thereto shall be filed on or before February 20, 2009. Plaintiff's response to defendants' motion for summary judgment shall be filed on or before March 9, 2009, and defendants' limited reply, if any, shall be filed on or before March 18, 2009. This modifies the Court's scheduling Order of November 3, 2008.

b. The Court **DENIES** plaintiff's motion to take the deposition of Ybarrolaza. The Court previously quashed a similar deposition notice for him, finding that the deposition request was untimely. (See, Doc. 67). This limited remand is not an open-door opportunity to revive untimely motions that were previously considered and denied. The Seventh Circuit found no error with the Court's decision to quash his previously scheduled deposition, and the Court finds no basis on this limited remand to re-open all discovery.

The Court hereby **RESCHEDULES** the Final Pre-Trial in this matter for May 11, 2009, at 1:30 P.M, and the presumptive trial month is June 2009.

**IT IS SO ORDERED.**

**DATED: January 6, 2009.**

s/ WILLIAM D. STIEHL
**DISTRICT JUDGE**